1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10 MICHAEL DAVIS,

NO. CIV. S-12-3107 LKK/AC

11          Plaintiff,

12      v.

13 HOLLINS LAW, A PROFESSIONAL
   CORPORATION,
14
           Defendant.
15 _____/

16      **STATUS (PRETRIAL SCHEDULING) CONFERENCE**

17      READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH

18 THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

19 PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS

20 ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

21 SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

22 ORDER OF JUDGMENT.

23      Pursuant to court order, a Status (Pretrial Scheduling)

24 Conference was held in chambers on March 18, 2013.  Douglas Baek

25 appeared telephonically as counsel for plaintiff; Tamara Heathcote

26 appeared telephonically as counsel for defendant.  After hearing,

1

1 the court makes the following findings and orders:

2     **SERVICE OF PROCESS**

3     All parties defendant have been served and no further service
4 is permitted except with leave of court, good cause having been
5 shown.

6     **JOINDER OF PARTIES/AMENDMENTS**

7     No further joinder of parties or amendments to pleadings is
8 permitted except with leave of court, good cause having been shown.
9 See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
10 1992).

11     **JURISDICTION/VENUE**

12     Jurisdiction is predicated upon 15 U.S.C. § 1692k(d) and 28
13 U.S.C. § 1367, is undisputed, and is hereby found to be proper.
14 Venue is in dispute.

15     **MOTION HEARING SCHEDULES**

16     **Plaintiff is to bring on a motion for change of venue within**
17 **fourteen (14) days from the date of this order.** All law and motion
18 except as to discovery is left open, save and except that it shall
19 be conducted so as to be completed by September 5, 2013. The word
20 "completed" in this context means that all law and motion matters
21 must be **heard** by the above date. Because this date is not
22 necessarily a date previously set aside for law and motion
23 hearings, it is incumbent upon counsel to contact this court's
24 courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently in
25 advance so as to ascertain the dates upon which law and motion will
26 be heard and to properly notice its motion for hearing before that

date.  Counsel are cautioned to refer to Local Rule 230 regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to lkk-pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth <u>supra</u>.

**Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to thirty (30) pages, and reply memoranda are limited to fifteen (15) pages.  The**

1 **parties are also cautioned against filing multiple briefs to**
2 **circumvent this rule.**

3    Where the parties bring motions for summary judgment, the
4 court will deem facts which are apparently undisputed as undisputed
5 under Fed. R. Civ. P. 56(e), unless specifically reserved and that
6 party tenders evidence to support the reservation.

7    ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
8 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
9 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED
10 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
11 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
12 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
13 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
14 TIMELY FILE AN APPROPRIATE MOTION.

15    Counsel are further reminded that motions in limine are
16 procedural devices designed to address the admissibility of
17 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
18 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
19 IN LIMINE  AT THE TIME OF TRIAL.

20    **DISCOVERY**

21    No modifications of the discovery requirements found in the
22 Federal Rules is ordered.

23    All discovery is left open, save and except that it shall be
24 so conducted as to be completed by July 5, 2013.  The word
25 "completed" means that all discovery shall have been conducted so
26 that all depositions have been taken and any disputes relative to

4

discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than June 5, 2013.  In this regard, all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than forty-five (45) days before the close of discovery herein established.  All designated experts shall submit written reports which counsel shall exchange at the time of designation.  The contents of the report must comply with Fed. R. Civ. P. 26 (a)(2)(B).  All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

////

1          **MID-LITIGATION STATEMENTS**

2          Not later than fourteen (14) days prior to the close of

3     discovery, all parties shall file with the court and serve on all

4     other parties a brief statement summarizing all law and motion

5     practice heard by the court as of the date of the filing of the

6     statement, whether the court has disposed of the motion at the time

7     the statement is filed and served, and the likelihood that any

8     further motions will be noticed prior to the close of law and

9     motion.  The filing of this statement shall not relieve the parties

10    or counsel of their obligation to timely notice all appropriate

11    motions as set forth above.

12         **FINAL PRETRIAL CONFERENCE**

13         The Final Pretrial Conference is **SET** for December 2, 2013, at

14    2:00 p.m.  Counsel are cautioned that counsel appearing for

15    Pretrial will in fact try the matter.

16         Counsel for all parties are to be fully prepared for trial at

17    the time of the Pretrial Conference, with no matters remaining to

18    be accomplished except production of witnesses for oral testimony.

19    Counsel are referred to Local Rules 280 and 281 relating to the

20    contents of and time for filing Pretrial Statements.  In addition

21    to those subjects listed in Local Rule 281(b), the parties are to

22    provide the court with a plain, concise statement which identifies

23    every non-discovery motion tendered to the court, and its

24    resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

25    BE GROUNDS FOR SANCTIONS.

26         The parties shall file Separate Pretrial Statements, the

1  contents and timing of which are set forth in Local Rule 281,
2  except that the parties are to prepare a <u>JOINT STATEMENT</u> with
3  respect to the undisputed facts and disputed factual issues of the
4  case.  <u>See</u> Local Rule 281(b)(3), (4), and (6).  The parties are
5  reminded to include in their joint statement all disputed and
6  undisputed special factual information as required by Local Rule
7  281(b)(6).  The joint statement shall be filed not less than seven
8  (7) days before the date set by the court for the holding of the
9  Final Pretrial Conference.

10         The undisputed facts and disputed factual issues are to be set
11  forth in two separate sections.  In each section, the parties
12  should identify first the general facts relevant to all causes of
13  action.  After identifying the general facts, the parties should
14  then identify those facts which are relevant to each separate cause
15  of action.  In this regard, the parties are to number each
16  individual fact or factual issue.  Where the parties are unable to
17  agree as to what factual issues are properly before the court for
18  trial, they should nevertheless list in the section on "DISPUTED
19  FACTUAL ISSUES" all issues asserted by any of the parties and
20  explain by parenthetical the controversy concerning each issue.
21  Each individual disputed fact or factual issue shall include the
22  following introductory language:  "Whether or not . . . ."  The
23  parties should keep in mind that, in general, each fact should
24  relate or correspond to an element of the relevant cause of action.
25  Notwithstanding the provisions of Local Rule 281, the Joint
26  Statement of Undisputed Facts and Disputed Factual Issues is to be

1 filed with the court concurrently with the filing of plaintiff's

2 Pretrial Statement.  If the case is tried to a jury, the undisputed

3 facts will be read to the jury.

4        Pursuant to Local Rule 281(b)(10) and (11), the parties are

5 required  to  provide  in  their  Pretrial  Statements  a  list  of

6 witnesses and exhibits that they propose to proffer at trial, no

7 matter for what purpose.  These lists shall <u>not</u> be contained in the

8 Pretrial  Statement  itself,  but  shall  be  attached  as  separate

9 documents  to  be  used  as  addenda  to  the  Final  Pretrial  Order.

10 Plaintiff's  exhibits  shall  be  listed  **numerically**; defendant's

11 exhibits  shall  be  listed  **alphabetically**.   In  the  event  that  the

12 alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

13 3A-3Z, etc."  The Pretrial Order will contain a stringent standard

14 for the proffering of witnesses and exhibits at trial not listed in

15 the Pretrial Order.  Counsel are cautioned that the standard will

16 be strictly applied.  On the other hand, the listing of exhibits or

17 witnesses which counsel do not intend to call or use will be viewed

18 as an abuse of the court's processes.

19        Pursuant  to  Local  Rule  281(b)(12),  a  party  is  required  to

20 provide a list of all answers to interrogatories and responses to

21 requests for admission that the party expects to offer at trial.

22 This list should include only those documents or portions thereof

23 which  the  party  expects  to  offer  in  its  case-in-chief.   Unless

24 otherwise barred by a rule of evidence or order of this court, the

25 parties  remain  free  to  tender  appropriate  discovery  documents

26 during trial for such purposes as, but not limited to, impeachment

1 or memory refreshment.

2     Pursuant to Local Rule 281(b)(8), the parties' Pretrial
3 Statements shall contain a "statement of legal theory, etc." Each
4 party shall commence this section by specifying as to each claim
5 whether federal or state law governs, and if state law, the state
6 whose law is applicable.

7     Counsel are also reminded that, pursuant to Fed. R. Civ. P.
8 16, it will be their duty at the Pretrial Conference to aid the
9 court in (a) formulation and simplification of issues and the
10 elimination of frivolous claims or defenses; (b) settling of facts
11 which should be properly admitted; and (c) the avoidance of
12 unnecessary proof and cumulative evidence. Counsel must prepare
13 their Pretrial Statements, and participate in good faith at the
14 Pretrial Conference, with these aims in mind. A FAILURE TO DO SO
15 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
16 monetary sanctions, orders precluding proof, eliminations of claims
17 or defenses, or such other sanctions as the court deems
18 appropriate.

19     **TRIAL SETTING**

20     Trial is **SET** for March 11, 2014, at 10:30 a.m. Trial will be
21 by jury. The parties represent in good faith that the trial will
22 take approximately two (2) days.

23     **SETTLEMENT CONFERENCE**

24     A Settlement Conference will be set before a judge other than
25 the trial judge at the time of the Pretrial Conference.

26     Counsel are cautioned to have a principal capable of

1  disposition present at the Settlement Conference or to be fully

2  authorized to settle the matter on any terms and at the Settlement

3  Conference.

4      **MISCELLANEOUS PROVISIONS**

5      The parties are reminded that pursuant to Fed. R. Civ. P.

6  16(b), the Status (pretrial scheduling) Order **shall not be modified**

7  **except by leave of court upon a showing of good cause.** Counsel are

8  cautioned that changes to any of the scheduled dates will

9  necessarily result in changes to all other dates.  Thus, even where

10 good cause has been shown, the court will not grant a request to

11 change the discovery cutoff date without modifying the pretrial and

12 trial dates.

13     **Agreement by the parties pursuant to stipulation does not**

14 **constitute good cause.  Nor does the unavailability of witnesses or**

15 **counsel, except in extraordinary circumstances, constitute good**

16 **cause.**

17     The parties are reminded of their continuing obligation to

18 supplement their statements relative to the identification of

19 parent corporations and any publicly held company that owns 10% or

20 more of the party's stock within a reasonable time of any change in

21 the information.

22     The parties are admonished that they are not to cite or refer

23 to any of the quotations inscribed in the pavers on the front plaza

24 of the United States Courthouse in any written or oral presentation

25 to the court or a jury.

26     There appear to be no other matters presently pending before

10

the court that will aid the just and expeditious disposition of this matter.

     IT IS SO ORDERED.

     DATED:  March 20, 2013.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

11