Ryan S. Lee (SBN: 235879)
KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400 x241
Fax: (866) 861-1390
Attorney for Plaintiff,
MICHAEL DAVIS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL DAVIS, | Case No.: **2:12-CV-03107-LKK-AC** |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HOLLINS LAW, A PROFESSIONAL CORPORATION, | |
| Defendant. | DATE:        September 9, 2013 |
| | TIME:        10:00 a.m. |
| | DEPT:        Courtroom 4 |

**TO ALL PARTIES AND ATTORNEYS OF RECORD**

**NOTICE IS HEREBY GIVEN** that pursuant to Fed. R. Civ. P. 56, Plaintiff, MICHAEL DAVIS ("Plaintiff") hereby submits his Response to the Motion for Summary Judgment of Defendant, HOLLINS LAW, A PROFESSIONAL CORPORATION ("Defendant"), and his Cross-Motion for Summary Judgment against Defendant. Plaintiff's instant response and cross-motion shall be heard on September 9, 2013 at 10:00 A.M. in Courtroom 4 of the United States District Court, Eastern District of California, Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento, CA 95814.

DATED:  August 12, 2013                    RESPECTFULLY SUBMITTED,

                                           KROHN & MOSS, LTD.

                                    By: /s/ Ryan S. Lee
                                        Ryan S. Lee
                                        Attorney for Plaintiff,
                                        MICHAEL DAVIS

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I. BACKGROUND …………………………………..………………….......................1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS………………………….…1

III. STANDARD OF REVIEW ……………………………………………………….…….3

IV. THE NINTH CIRCUIT APPLIES THE LEAST SOPHISTICATED
     CONSUMER STANDARD AND STRICT LIABILITY……..……………………….….3

V. DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF
   LAW, AS THE UNDISPUTED MATERIAL FACTS DEMONSTRATE
   THAT PLAINTIFF'S ALLEGED DEBT IS A "CONSUMER DEBT"
   UNDER THE FDCPA AND RFDCPA……………………………………………….5

   A. The Plain Language of the FDCPA and RFDCPA, as well
      as the Great Weight of Authority, Demonstrate that Plaintiff's
      Debt is a "Consumer Debt" because the Debt Arose from
      Transactions Primarily for Personal, Family, or Household Purposes…………6

   B. Defendant's Citations to Authority are
      Distinguishable from the Instant Matter………………………………………8

   C. Defendant's References to the Federal Truth and Lending Act and
      California's Song Beverly Credit Card Act are Immaterial to the
      Instant Matter and Serve Only to Mislead this Court…………………………9

VI. THE UNDISPUTED MATERIAL FACTS DEMONSTRATE THAT
    PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER
    OF LAW ON HIS CLAIM UNDER THE FDCPA…………………………………10

   A. Plaintiff is a "Consumer" as Defined by 15 U.S.C. 1692a(3)
      and a "Debtor" as Defined by Cal. Civ. Code § 1788.2(h)………………………10

   B. Plaintiff's Alleged Debt is a "Consumer Debt" as Defined
      by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(f)……………………………11

   C. Defendant is a "debt collector" as Defined by
      15 U.S.C. 1692a(6) and Cal. Civil Code § 1788.2(c)….…………………………11

   D. No Genuine Issue of Material Fact Exists as to whether
      Defendant Violated §§1692e, e(10), and e(11) of the FDCPA……………………12

      1. The Undisputed Material Facts Demonstrate that Defendant Violated
         §1692e(11) of the FDCPA by Failing to Disclose in its Communications
         with Plaintiff that the Communication was from a Debt Collector………13

      2. Courts Have Long Held That After Finding a Violation Under
         a More Specific Subsection of 1692e, such as Section 1692e(11),
         Further Analysis Under Section 1692e(10) is "Somewhat Duplicative"….15

**E.  No Genuine Issue of Material Fact Exists as to Whether Defendant Violated § 1788.17 of the RFDCPA**..........................................................................15

**VI.  CONCLUSION**..........................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)...........................................................3

*Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60, 62 (2d Cir. 1993)......................................5

*Bloom v. I.C. Systems, Inc.*, 972 F. 2d 1067, 1068 (9th Cir. 1992)..........................................6,8, 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)..................................................................3

*Clark v. Capital Credit & Collection Serv.*, 460 F. 3d 1162, 1171 (9th Cir. 2006)......................4

*Clomon v. Jackson,* 988 F.2d 1321 (2d Cir. 1993)......................................................................15

*Community for Creative Non-Violence v. Reid,* 490 U.S. 730 (1989)............................................6

*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980)......................6

*Costa v. Nat'l Action Fin. Serv.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007)....................................16

*Exposition Press, Inc. v. FTC*, 295 F. 2d 869, 873 (2d Cir. 1961)..................................................5

*Flint v. Beneficial Financial, Inc.*, 2012 WL 3277109 at *3 (E.D. Cal. Aug. 9, 2012)..............6-7

*Forsyth v. Barr*, 19 F. 3d 1527, 1536-37 (5th Cir. 1994)...............................................................3

*Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006)..............................14

*FTC v. Raladam Co.*, 316 U.S. 149, 151-52 (1942)........................................................................5

*Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994)....................................4

*Garcia v. Jenkins/Babb, LLP*, 2013 WL 3789830 at *8 (N.D. Tex. July 22, 2013)..................7, 12

*Garcia v. LVNV Funding*, 2009 WL 3079962, at *3 (W.D. Tex. Sept.18, 2009)..........................7

*Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369, *1 n. 2 (N.D. Tex. Jan. 9, 2006).....................5

*Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991).....................................................................4

*Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)........................................................................12 n.1

*Hill v. Carroll County, Miss.*, 587 F. 3d 230, 233 (5th Cir. 2009)................................................3

*Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104 (E.D. Cal. 2005).....................13-14

*Irwin v. Mascott*, 112 F. Supp. 2d 937, 963 (N.D. Cal. 2000).......................................................4

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

*Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985)....................................4, 13

*Kapeluschnik v. LeShack & Grodensky, P.C*, 1999 WL 33973360
(E.D.N.Y. August 26, 1999).........................................................................................15

*Manuel v. Shipyard Holdings*, 2001 WL 1382050 (N.D. Cal. Nov. 5, 2001)................8

*Masciarelli v. Richard J. Boudreau & Associates, LLC,* 529 F. Supp. 2d 183, 186
 (D. Mass. 2007)............................................................................................................14

*Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556 at * 4
(E.D. Cal. May 23, 2011).............................................................................................10

*Morgan v. Credit Adjustment Board, Inc.,* 999 F. Supp. 803 (E.D. Va. 1998)............13

*Moriarity v. Nationstar Mortg., LLC*, 2013 WL 3354448 at *4 (E.D. Cal. July 3, 2013)............10

*Perk v. Worden*, 475 F. Supp. 2d 565, 569-70 (E.D. Va. 2007)......................................7

*Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. MN 1999)............................................5

*Riviere, et al. v. Banner Chevrolet, Inc.,* 184 F. 3d 457, 462 (5th Cir.1999)................7

*Saltzman v. I.C. System, Inc.*, 2009 WL 3190359 at *6 (E.D. Mich. September 30, 2009)..........14

*Savage v. NIC, Inc.*, 2009 WL 2259726 (D. Ariz. July 28, 2009)................................14

*Simmonds and Naritta LLP v. Schrieber*, 566 F. Supp. 26 1015, 1017 (N.D. Cal. 2008)..............7

*Smith v. Greystone Alliance, LLC*, 2011 WL 1303377 at *6 (N.D. Ill. 2011)..............14

*Sun v. Rickenbacker Collection*, 2011 WL 704437 (N.D. Cal. Feb. 18, 2011)................6

*Swanson v. S. Oregon Credit Serv., Inc.,* 869 F. 2d 1222, 1225 (9th Cir. 1989)............4

*Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d 1232 (5th Cir. 1997)............5

*Tsenes v. Trans-Continental Credit and Collection Corp.*, 892 F. Supp. 461 (E.D.N.Y. 1995)...13

*Volden v. Innovative Financial Systems, Inc.*, 440 F. 3d 947, 955 (8th Cir. 2006)........5

**Statutes**                                                                              **Page(s)**

Cal. Civ. Code §1747................................................................................................9

Cal. Civ. Code §1788...........................................................................................*passim*

Cal. Civil Code § 1788.2(c)....................................................................................11

Cal. Civ. Code § 1788.2(f)........................................................................................6

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

Cal. Civil Code § 1788.2(h)..............................................................................10-11

15 U.S.C § 1601.............................................................................................9

15 U.S.C. §1692.......................................................................................*passim*

15 U.S.C § 1692a(3)........................................................................................10

15 U.S.C. § 1692a(5).........................................................................................6

15 U.S.C § 1692a(6)........................................................................................11

15 U.S.C. § 1692e...........................................................................................12

15 U.S.C. § 1692e(10)......................................................................................15

15 U.S.C. § 1692e(11)......................................................................................13

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   BACKGROUND**

On December 28, 2012, Plaintiff filed his Complaint against Defendant based on Defendant's conduct in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq*. ("RFDCPA").  [Docket Number 1].  Plaintiff sought declaratory relief, statutory damages, and reasonable attorneys' fees and costs pursuant to both statutes.  [Doc. 1].  On January 28, 2013, Defendant filed its Motion to Dismiss Plaintiff's Second Count and Motion to Strike Plaintiff's Second Count.  [Doc. 6, 7].  Plaintiff filed its Opposition to Defendant's Motions on February 19, 2013 [Doc. 10, 11], and Defendant filed its Reply briefs on March 4, 2013 [Doc. 13, 14].  On March 15, 2013, this Honorable Court entered an order denying Defendant's Motion to Dismiss and Plaintiff's Motion to Strike.  [Doc. 21].

On March 20, 2013, this Honorable Court entered a scheduling order that all law and motion by heard by September 5, 2013.  [Doc. 24].  On March 29, 2013, Defendant filed its Answer to Plaintiff's Complaint.  [Doc. 25].  The parties subsequently engaged in discovery in the present matter.  On July 29, 2013, Defendant filed its Motion for Summary Judgment.  [Doc. 35].  As demonstrated *infra*, Defendant is not entitled to judgment as a matter of law, and Defendant's motion should be denied.  Rather, the undisputed material facts in the present matter conclusively demonstrate that Plaintiff, not Defendant, is entitled to judgment as a matter of law under the FDCPA and RFDCPA.

**II.   STATEMENT OF UNDISPUTED MATERIAL FACTS**

In July of 2013, Defendant began collecting on a debt allegedly owed by Plaintiff. Defendant's Response to Plaintiff's Interrogatories attached hereto as Exhibit "A" at ¶ 9. Defendant mailed a letter to Plaintiff dated July 17, 2013, which included a disclosure that the communication was from a debt collector and was an attempt to collect an alleged debt.  *See*

Letter from Defendant to Plaintiff attached hereto as Exhibit "B." The letter also stated "this office has been retained by AMERICAN EXPRESS BANK FSB, to collect the above-referenced balance that you owe our client." *Id.* Lastly, the letter included instructions for Plaintiff regarding payment of the debt, and stated that further legal action may be taken if the debt was not paid. *Id.*

Defendant is attempting to collect a debt allegedly owed by Plaintiff to American Express Bank. Defendant's Response to Plaintiff's Interrogatories attached hereto as Exhibit "A" at ¶ 8. Plaintiff's alleged debt arises from transactions on an American Express TrueEarnings Business Card, which was obtained by Plaintiff at Costco. Deposition of Michael Davis, transcription thereof attached hereto as Exhibit "C," P. 24, ¶¶ 23-25, P. 25, ¶¶ 1-3. Plaintiff used the American Express TrueEarnings Business credit card primarily for personal, family, and household purposes. Affidavit of Michael Davis at ¶ 3. In his Deposition, Plaintiff testified that he did not intend to use the card for business purchases, Michael Davis Depo., Exhibit "C," P. 26, ¶¶16-18. Plaintiff also testified that he used the card for "personal use," and that he used the card to purchase items such as "standard household items bought through Costco, as well as their gas," "Pampers and milk," "a bar tab," and "school books." Michael Davis Depo., Exhibit "C," P. 27, ¶¶ 13-15; P. 32, ¶ 21, 24; P. 33, ¶ 6.

In his deposition, Plaintiff testified that Defendant's representative, "Gregory," placed collection calls to Plaintiff to collect the American Express debt. Michael Davis Depo, Exhibit "C," P. 39, ¶¶ 13-14. On or around August 29, 2012 at 11:17 A.M., Defendant's representative, "Gregory Daulton," placed a collection call to Plaintiff and left a voicemail message. Defendant's Response to Plaintiff's Interrogatories attached hereto as Exhibit "A" at ¶ 9. The voicemail message left by Defendant's representative stated as follows:

> Hello, this is a call for Michael Davis from Gregory
> at Hollins Law.  Please call, sir, it is important.  My
> number is 866-513-5033.  Thank you.

*See* Transcription of Voicemail Message as Exhibit 1 to Plaintiff's Complaint at [Doc. 1-1], *see also* True and Correct Copy of Voicemail Message on Compact Disc as Incorporated by Affidavit of Michael Davis attached hereto as Exhibit "D."  Defendant's voicemail message clearly fails to disclose that the call is from a debt collector.  Defendant's voicemail message also clearly fails to inform Plaintiff as to the reason or purpose for the call.

## III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Summary judgment is not proper if material factual issues exist for trial.  *Hill v. Carroll County, Miss.*, 587 F. 3d 230, 233 (5th Cir. 2009).  The moving party bears the burden of proving the absence of any triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Forsyth v. Barr*, 19 F. 3d 1527, 1536-37 (5th Cir. 1994).  The non-moving party defeats a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor.  *Anderson*, 477 U.S. at 248.

## IV.    THE NINTH CIRCUIT APPLIES THE LEAST SOPHISTICATED CONSUMER STANDARD AND STRICT LIABILITY

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In determining whether debt collectors are liable under the FDCPA, the Ninth Circuit ruled that violations should be evaluated under the "least sophisticated debtor" standard. *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F. 2d 1222, 1225 (9th Cir. 1989). The least sophisticated debtor standard is objective and meant to protect all consumers, "the gullible as well as the shrewd…the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Serv.*, 460 F. 3d 1162, 1171 (9th Cir. 2006). Using this standard, a court must ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor. *Id.* Lastly, "[t]he FDCPA is a strict liability statute." *Irwin v. Mascott*, 112 F. Supp. 2d 937, 963 (N.D. Cal. 2000). A plaintiff need not prove either that the defendant knew that their debt collection practices were illegal or that they intended to violate the law. *Id.*

Using the aforementioned principles, a court must ask whether the actions of the debt collector were harassing to the least sophisticated debtor. *See Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985) (applying the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective element of reasonableness). In the instant case, applying the FDCPA in the liberal manner, Defendant's conduct, viewed in a light most favorable to Plaintiff and under the least sophisticated debtor standard, violated the FDCPA.

This standard, together with strict liability under the Act, "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or

idiosyncratic consumer interpretations of collection materials." *Volden v. Innovative Financial Systems, Inc.*, 440 F. 3d 947, 955 (8th Cir. 2006); *see also Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. MN 1999) (the FDCPA is a "remedial, strict liability statute . . . intended to be applied in a liberal manner") (*citing FTC v. Raladam Co.*, 316 U.S. 149, 151-52 (1942)); *Exposition Press, Inc. v. FTC*, 295 F. 2d 869, 873 (2d Cir. 1961), *cert. den.*, 370 U.S. 917 (1962).

Additionally, "[a] single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369, *1 n. 2 (N.D. Tex. Jan. 9, 2006) (*quoting Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d 1232 (5th Cir. 1997)); *see also Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60, 62 (2d Cir. 1993) ("Proof of one violation is sufficient to support a finding of summary judgment in favor of the Plaintiff in an FDCPA action").

## V.    DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW, AS THE UNDISPUTED MATERIAL FACTS DEMONSTRATE THAT PLAINTIFF'S ALLEGED DEBT IS A "CONSUMER DEBT" UNDER THE FDCPA AND RFDCPA

In its Motion for Summary Judgment, Defendant argues that it is entitled to judgment as a matter of law as to Plaintiff's FDCPA and RFDCPA claims solely because Plaintiff's alleged debt was incurred on a "business credit card." Defendant's Motion at 2-6. Defendant's argument is unavailing, as (1) the plain language of the FDCPA and RFDCPA, as well as the great weight of authority, demonstrate that whether a debt is "consumer" in nature turns on whether the transactions from which the debt arose were primarily for consumer purposes, (2) Defendant's citations to authority are distinguishable from the instant matter, and (3) Defendant's references to the Federal Truth and Lending Act and California's Song Beverly Credit Card Act are immaterial to the instant matter and serve only to mislead this Court.

**A.    The Plain Language of the FDCPA and RFDCPA, as well as the Great Weight of Authority, Demonstrate that Plaintiff's Debt is a "Consumer Debt" because the Debt Arose from Transactions Primarily for Personal, Family, or Household Purposes**

The starting point for the interpretation of a statute is always its language. *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 739 (1989). "Thus, absent a clearly expressed legislative intention to the contrary, the language used must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980). Section 1692a(5) of the FDCPA defines "debt" as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services **which are the subject of the transaction are primarily for personal, family, or household purposes**, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5) (emphasis added).   Similarly, the RFDCPA defines "debt" as "money, property or their equivalent, due to owing or alleged to be due or owing from a natural person **by reason of a consumer credit transaction**." Cal.Civ. Code  § 1788.2(f)(emphasis added).   The plain language of both statutes, therefore, indicate that whether a debt is "consumer" in nature turns on whether the ***transactions*** from which the debt was incurred were primarily for consumer purposes.

Consistent with the plain language of the statue, the Ninth Circuit and courts throughout the nation have analyzed the "consumer debt" issue by looking to the transactions for which the debt was incurred.  "The Act characterizes debts in terms of end uses, covering debts incurred 'primarily for personal, family or household purposes.' Neither the lender's motives nor the fashion in which the loan is memorialized are dispositive of this inquiry." *Bloom v. I.C. Systems, Inc.*, 972 F. 2d 1067, 1068 (9th Cir. 1992)(emphasis added); *see also Sun v. Rickenbacker Collection*, 2011 WL 704437 (N.D. Cal. Feb. 18, 2011); *Flint v. Beneficial Financial, Inc.,* 2012

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

WL 3277109 at *3 (E.D. Cal. Aug. 9, 2012 )("[The district court] must therefore 'look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone.'" (*quoting Riviere, et al. v. Banner Chevrolet, Inc.,* 184 F. 3d 457, 462 (5th Cir.1999)); *Simmonds and Naritta LLP v. Schrieber*, 566 F. Supp. 26 1015, 1017 (N.D. Cal. 2008)("The FDCPA characterizes debts in terms of end uses"); *Garcia v. Jenkins/Babb, LLP*, 2013 WL 3789830 at *8 (N.D. Tex. July 22, 2013)("[t]o determine whether a debt is a "consumer debt" for purposes of the [FDCPA], courts have 'focus[ed] on the nature of the debt that was incurred, and not [on] the purpose for which the [a]ccount was opened.'" (quoting *Vick v. NCO Fin. Sys., Inc.,* , 2011 WL 1195941, at *5 (E.D. Tex. Mar. 7, 2011). "In identifying the 'nature' of the debt, the relevant inquiry is the debtor's 'use' of the loaned funds." *Garcia v. LVNV Funding*, 2009 WL 3079962, at *3 (W.D.Tex. Sept.18, 2009).

In the instant matter, Plaintiff used the American Express TrueEarnings Business credit card primarily for personal, family, and household purposes.  Affidavit of Michael Davis at ¶ 3. In his Deposition, Plaintiff testified that he did not intend to use the card for business purchases. Michael Davis Depo., Exhibit "C," P. 26,  ¶¶16-18; P. 27, ¶¶ 9-11.  Plaintiff also testified that he used the card for "personal use," and that he used the card to purchase items such as "standard household items bought through Costco, as well as their gas," "Pampers and milk," "a bar tab," and "school books."  Michael Davis Depo., Exhibit "C," P. 27, ¶¶ 13-15; P. 32, ¶21, 24; P. 33, ¶ 6.  By contrast, Defendant has failed to identify a ***single*** transaction which was incurred by Plaintiff for a business purpose.  Rather, Defendant summarily concludes that because Plaintiff's debt was incurred on a "business credit card," the FDCPA does not apply.  However, merely because Plaintiff's debt was incurred on a "business credit card" does not preclude the application of the FDCPA.  *See, e.g., Perk v. Worden*, 475 F. Supp. 2d 565, 569-70 (E.D. Va. 2007) (holding that a Plaintiff who incurred personal debt with a corporate credit card "may well have violated the terms of the corporate credit card agreement by incurring personal debt with it,

but that fact, even if true, cannot change the character of the debt and take it out of the FDCPA's jurisdiction"). As it is undisputed that Plaintiff's debt arose from transactions primarily for personal, family, and household use, Plaintiff's debt is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

### B. Defendant's citations to authority are distinguishable from the instant matter

In support of its Motion for Summary Judgment, Defendant points to two cases, *Bloom v. IC Systems, Inc.*, 972 F. 2d 1067 (9th Cir. 1992) and *Manuel v. Shipyard Holdings*, 2001 WL 1382050 (N.D. Cal. Nov. 5, 2001) to support its assertion that the transactions on Plaintiff's "business credit card" did not create a consumer debt under the FDCPA. However, both of these cases may be distinguished from the present matter. In *Bloom*, the Plaintiff testified that he incurred the alleged debt to invest in a software company. *Bloom*, 972 F. 2d at 1069. Similarly, in *Manuel*, the Plaintiff incurred the alleged debt primarily for business purposes. *Manuel*, 2001 WL 1382050 at *6. In the instant matter, however, Plaintiff flatly denied that he obtained the credit card for business purposes:

> Q. Okay. But I'm asking about when you actually applied for the card. Did you have an understanding and know that the type of card you were applying for was a business card?
> A. Absolutely.
> Q. And that even though it was a business card, you did not intend to use it for business purposes?
> A. That's correct.
> Q. What type of things did you use the card for?
> A. Standard household items bought through Costco as well as their gas because of the rewards it offered, specifically.

Michael Davis Depo., Exhibit "C," P. 27, ¶¶ 5-15.

Unlike in *Bloom* and *Manuel*, Plaintiff did not obtain a line of credit to engage in business transactions, nor did Plaintiff use the "business credit card" primarily for business purposes. As Plaintiff did not obtain the credit card for business purposes, and in fact used the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

card primarily for personal, household, and family purposes, Plaintiff's debt is a "consumer debt" under §1692a(5) of the FDCPA.

**C.     Defendant's References to the Federal Truth and Lending Act and California's Song Beverly Credit Card Act are Immaterial to the Instant Matter and Serve Only to Mislead this Court**

In its Motion for Summary Judgment, Defendant devotes ample time to a discussion of both the Federal Truth and Lending Act, 15 U.S.C § 1601 *et seq.*, and California's Song Beverly Credit Card Act, Cal. Civ. Code §1747, to support its position that transactions on a business credit card are not "consumer debt" under the FDCPA and RFDCPA.  In its discussion of the Truth in Lending Act, Defendant relies on dicta in the *Bloom* decision, which stated "given the small number of cases interpreting the term 'debt' under the FDCPA, courts in other jurisdictions have looked for guidance to cases interpreting analogous provisions of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 to 1693r, such as the Truth in Lending Act ("TILA")." *Bloom*, 972 F. 2d at 1068.  Defendant fails to note, however, that even after  analyzing the term "debt" in the context of the Truth in Lending Act, the *Bloom* court nonetheless concluded that "[t]he [FDCPA] characterizes debts in terms of end uses, covering debts incurred "primarily for personal, family or household purposes."  *Id.*

In accordance with the *Bloom* court's holding and as noted *infra*, it has become well-settled that that the end use of a transaction is determinative as to whether the alleged debt is a "consumer debt" under the FDCPA.  Therefore, this Court need not look to the TILA nor any other consumer protection statute for guidance as to the meaning of "consumer debt" under the FDCPA.  Likewise, this Court need not look to the Song Beverly Credit Card Act to interpret the meaning of "consumer debt" under the RFDCPA.  As such, Defendant's references to these two statutes have no bearing on the instant matter and serve only to mislead this Court.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

**VI.    THE UNDISPUTED MATERIAL FACTS DEMONSTRATE THAT PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON HIS CLAIMS UNDER THE FDCPA AND RFDCPA**

To establish a violation of the FDCPA, a Plaintiff must show: (1) Plaintiff was a consumer, (2) Plaintiff was the object of a collection activity arising from a consumer debt, (3) Defendant is a "debt collector" as defined by the FDCPA, and (4) Defendant engaged in an act or omission prohibited by the FDCPA.  *Moriarity v. Nationstar Mortg., LLC*, 2013 WL 3354448 at *4 (E.D. Cal. July 3, 2013) (*citing Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556 at * 4 (E.D. Cal. May 23, 2011)).

As demonstrated *infra,* no genuine issue of material fact exists as to Plaintiff's claims pursuant to the FDCPA and RFDCPA, and Defendant is therefore not entitled to judgment as a matter of law.  On the contrary, summary judgment is appropriate for Plaintiff, as the undisputed material facts demonstrate that (1) Plaintiff is a "consumer" as defined by 15 U.S.C. 1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(h), (2) Plaintiff's alleged debt is a "consumer debt" as defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(f); (3) Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and Cal. Civil Code § 1788.2(c), and (4) Defendant violated the FDCPA and RFDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of debt by failing to disclose in its communications with Plaintiff that the communication was from a debt collector, and by using deceptive means in connection with the collection of a debt pursuant to §§1692e, 1692e(10), and 1692e(11) of the FDCPA.

**A.    Plaintiff is a "Consumer" as Defined by 15 U.S.C. 1692a(3) and a "Debtor" as Defined by Cal. Civ. Code § 1788.2(h)**

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt."  15 U.S.C § 1692a(3).  "Debtor" is defined by the RFDCPA as "a natural person from whom a debt collector seeks to collect a consumer debt which is due and

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

owing or alleged to be due and owing from such person." Cal. Civil Code § 1788.2(h).  In his Deposition, Plaintiff testified that Defendant's representative, "Gregory" placed telephone calls to Plaintiff in attempts to collect the alleged debt owed to American Express. Michael Davis Depo, P. 39, ¶¶ 13-14.  Defendant also sent a letter dated July 17, 2012 to Plaintiff in an attempt to collect the alleged debt.  *See* Exhibit "B."  Lastly, as discussed *supra*, Plaintiff's debt was a "consumer debt" as defined by the FDCPA.  As Defendant alleges that Plaintiff owes a debt to American Express, and Plaintiff's debt is a consumer debt as discussed *supra*, Plaintiff is a consumer for purposes of both the FDCPA and RFDCPA.

**B.    Plaintiff's Alleged Debt is a "Consumer Debt" as Defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(f)**

As discussed in Section V *supra*, it is undisputed that Plaintiff's alleged debt arose from transactions primarily for personal, household, and family purposes.   Therefore, Plaintiff's alleged debt is a "consumer debt" as defined b7 § 1692a(5) of the FDCPA and § 1788.2(f) of the RFDCPA.

**C.    Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and Cal. Civil Code § 1788.2(c)**

"Debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C § 1692a(6).  "Debt collector" is defined by the RFDCPA as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law."  Cal. Civil Code § 1788.2(c).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

In the instant matter, Defendant mailed a letter to Plaintiff dated July 17, which included a disclosure that the communication was from a debt collector and was an attempt to collect an alleged debt as required by § 1692g of the FDCPA.  *See* Letter from Defendant to Plaintiff attached hereto as Exhibit "B."   The letter also stated "this office has been retained by AMERICAN EXPRESS BANK FSB, to collect the above-referenced balance that you owe our client."  *Id.*  Lastly, the letter included instructions for Plaintiff regarding payment of the debt, and stated that further legal action may be taken if the debt was not paid.  *Id.*  The inclusion of the disclosures as required by §1692g, as well as the statement the Defendant was collecting a debt and the instructions for Plaintiff to pay the debt, all establish that Defendant is a debt collector under 15 U.S.C. 1692a(6) of the FDCPA.  *See*, e.g., *Garcia v. Jenkins/Babb LLP*, 2013 WL 3789830 at *6 (N.D. Tex. July 22, 2013) (holding that a letter from Defendant which included the §1692g disclosure and payment instructions "gives rise to a reasonable inference that (Defendant) engaged in a business the 'principal purpose of which [was] the collection of debts ... owed or due or asserted to be owed or due another'").  As Defendant mailed Plaintiff a letter which disclosed that it was a debt collector, referenced an alleged debt, and provided instructions for paying the alleged debt., Defendant is a debt collector as defined by both §1692a(6) of the FDCPA and § 1788.2(c) RFDCPA.[1]

### D.    No Genuine Issue of Material Fact exists as to whether Defendant violated §§1692e, e(10), and e(11) of the FDCPA

Section §1692e of the FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  U.S.C. § 1692e.   The false, deceptive, or misleading practices specifically prohibited by the subsections

---

[1] This Court has already held that Defendant's status as a law firm does not absolve it from liability under the RFDCPA.  *See* Order Denying Defendant's Motion to Dismiss and Motion to Strike at [Doc. 21].  Similarly, the Supreme Court has held that FDCPA applies to "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings."  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

of Section 1692e are nonexhaustive, and do not preclude a claim of falsity or deception based on nonenumerated practice. *Tsenes v. Trans-Continental Credit and Collection Corp.*, 892 F. Supp. 461 (E.D.N.Y. 1995). In applying section 1692e to this case, it is important to recognize that the drafters of the FDCPA borrowed the legal concept of deception from the Federal Trade Commission Act ("FTC Act"). *See* 15 U.S.C. § 45; *Jeter,* 760 F. 2d at 1168 (11th Cir. 1985). Because the FDCPA expressly recognized the inadequacy of existing laws, including the FTC Act, to protect consumers, the idea of deception encompassed by Section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted, including the FTC Act. *See* 15 U.S.C. § 1692b; *see also Jeter,* 760 F. 2d at 1168. The proscription of deception developed by the FTC Act, and according decisions of courts discussing the same, is quite broad and approaches a requirement of merchants of honest openness and truthful frankness when dealing with consumers. Many of the elements of common law fraud are irrelevant to an action for deception under Section 1692e. In particular, there is no requirement that intent to deceive be established. Knowledge of a statement's falsity is not a necessary element to establish deception. The fact that a practice is customary does not prevent it from being deceptive. The "capacity" or "tendency" to deceive is sufficient so that actual deception need not be shown to establish damages. *See Morgan v. Credit Adjustment Board, Inc.,* 999 F. Supp. 803 (E.D. Va. 1998).

> **1.** **The undisputed material facts demonstrate that Defendant violated §1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector**

Subsection e(11) of 1692e states that false, deceptive, or misleading practices include "the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11). Thus, **any** time a collector conveys any information, be it in a letter, email, voicemail or directly speaking with a consumer, it must disclose that the communication is from a debt collector. *See Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp.

2d 1104 (E.D. Cal. 2005); *see also Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) (holding that collector's message left for the consumer merely disclosing itself as "NCO Financial Systems" was insufficient to satisfy disclosure requirement of 1692e(11) because it contained "no other suggestion or clue that the correspondence [was] from a debt collector" ); *Savage v. NIC, Inc.*, 2009 WL 2259726 (D. Ariz. July 28, 2009), (*citing Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1081-82 (E.D. Cal. 2008) (finding that the defendant creditor was required to include the disclosure that the communication was from a debt collector in all eleven subsequent communications between the defendant creditor and the plaintiff debtor); *Saltzman v. I.C. System, Inc.*, 2009 WL 3190359 at *6 (E.D. Mich. September 30, 2009)("Subsequent communications between a debt collection agency and a debtor must only convey that the communication is from a debt collector."); *Masciarelli v. Richard J. Boudreau & Associates, LLC,* 529 F. Supp. 2d 183, 186 (D. Mass. 2007)("given the clear and unambiguous language of § 1692e(11), a collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications"); *Smith v. Greystone Alliance, LLC*, 2011 WL 1303377 at *6 (N.D. Ill. 2011)("Section 1692e(11) requires a debt collector to identify itself as such to enable consumers to know they are in fact contacting a debt collector if they choose to return the call").

In the present matter, it is undisputed that on or around August 29, 2012 at 11:17 A.M., Defendant's representative, "Gregory Daulton," placed a collection call to Plaintiff and left a voicemail message.  Defendant's Response to Plaintiff's Interrogatory 9.  The voicemail message left by Defendant's representative stated as follows:

> Hello, this is a call for Michael Davis from Gregory at Hollins
> Law.  Please call, sir, it is important.  My number is 866-513-5033.
> Thank you.

*See* Transcription of Voicemail Message as Exhibit 1 to Plaintiff's Complaint at [Doc. 1-1]; *see also* True and Correct Copy of Voicemail Message on Compact Disc as Incorporated by

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

Affidavit of Michael Davis attached hereto as Exhibit "D." Defendant's voicemail message clearly fails to disclose that the call is from a debt collector, and clearly fails to inform Plaintiff as to the reason or purpose for the call.  As it is undisputed that Defendant placed a collection call to Plaintiff and left a voicemail message in which Defendant did not disclose that it was a debt collector, Defendant violated §1692e(11) of the FDCPA.

> **2.     Courts Have Long Held That After Finding a Violation Under a More Specific Subsection of 1692e, such as Section 1692e(11), Further Analysis Under Section 1692e(10) is "Somewhat Duplicative."**

Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect any debt or to obtain information concerning a consumer.  15 U.S.C. § 1692e(10).  Courts have long held that after finding a violation under a more specific subsection of 1692e, such as section 1692e(11), further analysis under section 1692e(10) is "somewhat duplicative."  *Kapeluschnik v. LeShack & Grodensky, P.C*, 1999 WL 33973360 (E.D.N.Y. August 26, 1999); *see also Clomon v. Jackson,* 988 F. 2d 1321 (2d Cir. 1993); *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 25-26 (2d Cir. 1989) (holding that the "vagueness of the language" in a notice suggested defendant would take actions it did not intend to take and therefore violated both §§ 1692e(5) and 1692e(10)).  Therefore, if the Court should find Defendant violated § 1692e(11) of the FDCPA, it could also find that Defendant violated § 1692e(10) of the FDCPA.  Accordingly, this Court should enter summary judgment against Defendant as to Plaintiff's claims under sections 1692e, 1692e(10) and 1692e(11) of the FDCPA.

**E.     No Genuine Issue of Material Fact Exists as to Whether Defendant Violated § 1788.17 of the RFDCPA**

California's RFDCPA, Cal. Civ. § 1788.17 states in pertinent part, "… every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of

§§ 1692b to 1692j, inclusive, of, and shall be subject to the remedies in § 1692k of, Title 15 of the United States Code."  California thus incorporated the FDCPA into the RFDCPA under Cal. Civ. Code § 1788.17.  Under this section, the analysis is coextensive - if the court finds that the Defendant has violated any one of the FDCPA provisions discussed herein, it must also find that the Defendant has violated the RFDCPA.

Because violations of FDCPA also constitute violations of RFDCPA, a court need only refer to the alleged violations under FDCPA.  *Costa v. Nat'l Action Fin. Serv.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007).  Thus, because no genuine dispute of material fact exists as to each of Plaintiff's claims under the FDCPA, no genuine dispute of material fact exist under § 1788.17 of the RFDCPA as well, and this Court should enter judgment as a matter of law in favor of Plaintiff.

## VI.    CONCLUSION

As demonstrated *infra*, the undisputed material facts do not support the entry of summary judgment in favor of Defendant.  On the contrary, summary judgment is appropriate for Plaintiff, as the undisputed material facts demonstrate that (1) Plaintiff is a "consumer" as defined by 15 U.S.C. 1692a(3) and a "debtor" as defined by Cal. Civil Code § 1788.2(h), (2) Plaintiff's alleged debt is a "consumer debt" as defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code  § 1788.2(f); (3) Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and Cal. Civil Code § 1788.2(c), and (4) Defendant violated §§1692e, 1692e(10), and 1692e(11) of the FDCPA and § 1788.17 RFDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of debt by failing to disclose in its communications with Plaintiff that the communication was from a debt collector, and by using deceptive means in connection with the collection of a debt.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

WHEREFORE, Plaintiff, MICHAEL DAVIS, respectfully requests this Court enter an order (1) denying Defendant's Motion for Summary Judgment, (2) granting Plaintiff's Motion for Summary Judgment, and (3) for any additional relief deemed just and appropriate.

Date:                                                 RESPECTFULLY SUBMITTED,

/s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff,
MICHAEL DAVIS

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
CROSS- MOTION FOR SUMMARY JUDGMENT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party in this action.  My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On August 12, 2013, I served the following documents:  **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

On the parties listed below:

Tamara Heathcote
Hollins Law
2601 Main Street, Penthouse Suite 1300
Irvine, CA 92614
theathcote@hollins-law.com
Attorney for Defendant

By the following means of service:

[X] **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on August 12, 2013, at Los Angeles, California.

By: /s/ Ryan Lee
Ryan Lee

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT