Ryan S. Lee (SBN: 235879)
KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400 x241
Fax: (866) 861-1390
Attorney for Plaintiff,
MICHAEL DAVIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| MICHAEL DAVIS, | Case No.: 2:12-CV-03107-LKK-AC |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| HOLLINS LAW, A PROFESSIONAL CORPORATION, | DATE:   September 9, 2013 |
| | TIME:   10:00 a.m. |
| Defendant. | DEPT:   Courtroom 4 |

**TO ALL PARTIES AND ATTORNEYS OF RECORD**

**NOTICE IS HEREBY GIVEN** that pursuant to Fed. R. Civ. P. 56, Plaintiff, MICHAEL DAVIS ("Plaintiff") hereby submits his Reply in Support of Plaintiff's Motion for Summary Judgment against Defendant, HOLLINS LAW, A PROFESSIONAL CORPORATION ("Defendant"). Plaintiff's motion shall be heard on September 9, 2013 at 10:00 A.M. in Courtroom 4 of the United States District Court, Eastern District of California, Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento, CA 95814.

DATED:  August 29, 2013         RESPECTFULLY SUBMITTED,

                                KROHN & MOSS, LTD.

                                By: /s/ Ryan S. Lee
                                    Ryan S. Lee
                                    Attorney for Plaintiff,
                                    MICHAEL DAVIS

i
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

## I. BACKGROUND

On December 28, 2012, Plaintiff filed his Complaint against Defendant based on Defendant's conduct in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("RFDCPA"). [Docket Number 1]. Plaintiff sought declaratory relief, statutory damages, and reasonable attorneys' fees and costs pursuant to both statutes. [Doc. 1]. On July 29, 2013, Defendant filed its Motion for Summary Judgment. [Doc. 35]. On August 12, 2013, Plaintiff filed its Response to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment. [Doc. 43]. On August 19, 2013, Defendant filed its Response to Plaintiff's Motion for Summary Judgment. As demonstrated *infra*, Defendant has failed to raise any genuine issue of material fact in its Response to Plaintiff's Motion. As the undisputed material facts demonstrate that Defendant's actions were in clear violation of the FDCPA and RFDCPA, Plaintiff is entitled to Judgment as a matter of law.

## II. THE UNDISPUTED MATERIAL FACTS DEMONSTRATE THAT PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER THE FDCPA AND RFDCPA

As noted in Plaintiff's opening brief, Plaintiff must demonstrate the following to establish a violation of the FDCPA: (1) Plaintiff was a consumer, (2) Plaintiff was the object of a collection activity arising from a consumer debt, (3) Defendant is a "debt collector" as defined by the FDCPA, and (4) Defendant engaged in an act or omission prohibited by the FDCPA. *Moriarity v. Nationstar Mortg., LLC*, 2013 WL 3354448 at *4 (E.D. Cal. July 3, 2013) (*citing Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556 at * 4 (E.D. Cal. May 23, 2011)). As discussed *infra*, Defendant has failed to raise a genuine issue of material fact as to any of these four elements, and Plaintiff is therefore entitled to judgment as a matter of law.

**A.     The undisputed material facts demonstrate that Plaintiff is a "Consumer" as Defined by 15 U.S.C. 1692a(3)   and a "Debtor" as Defined by Cal. Civ. Code §1788.2(h)**

In his opening motion, Plaintiff presented evidence demonstrating that Plaintiff is a "consumer" under the FDCPA and a "debtor" under the RFDCPA.  Plaintiff's Motion at 10-11. Defendant did not dispute this issue in its responsive brief, nor did Defendant present any evidence to refute Plaintiff's assertion.  Therefore, this Court should conclude that Plaintiff is a "consumer" under the FDCPA and a "debtor" under the RFDCPA.

**B.     The Undisputed Material Facts Demonstrate that Plaintiff's Alleged Debt is a "Consumer Debt" as Defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(f)**

In his opening motion, Plaintiff demonstrated that his alleged debt is a "consumer debt," and that both the FDCPA and RFDCPA apply to the instant matter.  Plaintiff's Motion at 5-9.  In response, Defendant erroneously argued that neither statute governs the instant matter because Plaintiff's debt was incurred on a "business credit card."  Defendant's Response at 6-18. Defendant also argued that even if both statutes apply, a genuine issue of material fact exists as to whether Defendant's credit card was used primarily for personal or business purposes. Defendant's Response at 18-20.  Defendant's arguments are unavailing, as (1) the great weight of authority clearly demonstrates that both the FDCPA and RFDCPA are applicable to the instant matter, and (2) Defendant has failed to present any evidence to refute Plaintiff's clear showing that Plaintiff's debt arose from transactions primarily for personal, household, and family purposes.

**1.     The Great Weight of Authority Clearly Demonstrates that Both the FDCPA and RFDCPA Are Applicable to the Instant Matter**

In its Response to Plaintiff's Motion for Summary Judgment, Defendant reiterates its argument proposed in Defendant's Motion for Summary Judgment that neither the FDCPA nor RFDCPA apply to the instant matter simply because Plaintiff's debt was incurred on a "business credit card."  Defendant's Response at 6-18.  Plaintiff does not dispute that his alleged debt was

1 incurred on a credit card entitled "American Express TrueEarnings Business Card" obtained by
2 Plaintiff from Costco. Plaintiff's Motion at 2. As Plaintiff demonstrated at length in his opening
3 brief, the fact that Plaintiff's debt was incurred on a "business credit card" is immaterial. Rather,
4 whether the collection of an alleged debt is governed by the FDCPA and RFDCPA turns on
5 whether the *transactions* from which the debt arose were primarily for consumer purposes.
6 Plaintiff's Motion at 6-9.

7 Importantly, Defendant has failed to present a *single* case which supports its assertion
8 that a debt incurred on a "business credit card" is not subject to the FDCPA and RFDCPA.
9 Rather, Defendant points to the decisions in *Bloom v. I.C. Systems* and *Manuel v. Shipyard*
10 *Holdings* to demonstrate that the business loans in these cases are analogous to Plaintiff's debt
11 incurred on his "business credit card." Defendant's Response at 8-11. As Plaintiff has already
12 demonstrated in his opening brief, both of these cases are distinguishable from the present
13 matter, as the debt in both cases was incurred for business purposes while Plaintiff's debt was
14 incurred primarily for consumer purposes. Plaintiff's Motion at 8-9. Furthermore, Plaintiff
15 presented case law in his opening brief demonstrating that consumer debt incurred on a "business
16 credit card" is subject to the FDCPA. Plaintiff's Motion at 7-8.

17 Defendant also correctly notes in its response that the Court must apply an "end-use
18 evaluation" to determine whether a given debt is governed by the FDCPA. Defendant's
19 Response at 9. Plaintiff's Motion at 8-9. Incredibly, Defendant then concludes that "[n]o end-
20 use evaluation is needed for Davis and his wife." Defendant's Response at 11. It is unclear why
21 Defendant states that the Court must apply an end-use evaluation, and then concludes that such
22 an evaluation is not necessary in this matter.

23 Defendant also devotes nearly seven (7) pages of its response to a discussion of the Truth
24 in Lending Act ("TILA") and the Song Beverly Credit Card Act ("SBCCA") in an attempt to
25 demonstrate that Plaintiff's debt is not governed by the FDCPA or RFDCPA. As Plaintiff has

already demonstrated in his opening brief, Defendant's argument is unavailing, as it has become well-settled that the end use of a transaction is determinative as to whether an alleged debt is a "consumer debt" under the FDCPA. Plaintiff's Motion at 9. Therefore, this Court need not look to any other statute to determine the meaning of "consumer debt" under the FDCPA and RFDCPA. As Defendant has failed to cite any authority to the contrary, the FDCPA and RFDCPA apply to Defendant's debt incurred primarily for consumer transactions on his "business credit card."

### 2. Defendant has Failed to Present Any Evidence to Dispute that Plaintiff's Alleged Debt Arose Primarily from Transactions for Personal, Household, or Family Purposes

In its Response, Defendant argues that even if the FDCPA and RFDCPA apply in the instant matter, a genuine issue of material fact exists as to whether Plaintiff's debt arose primarily from transactions for personal, household, or family purposes. Defendant's Response at 18-19. Importantly, Defendant puts forth ***no evidence whatsoever*** demonstrating that the subject credit card was used primarily for business purposes. Rather, Defendant relies on conclusory statements such as "Plaintiff's wife used the card and did not have any others" and "Davis also testified that he was not in charge of paying the bills and was not the one who paid the statements" to support an inference that Plaintiff's wife used the card for business purposes. Defendant's Response at 18-19. This inference alone, however, is not enough to raise a genuine issue of material fact. Defendant cannot even point to a ***single transaction*** incurred on the card that was for a business purpose. Plaintiff, however, testified regarding numerous consumer transactions for which the card was used, and also testified that the card was used primarily for personal, family, and household purposes. Affidavit of Michael Davis at [Doc. 43-5]. As Defendant has failed to present any evidence to refute Plaintiff's assertion that the card was used primarily for consumer purposes, no genuine issue of material fact exists as to whether Plaintiff's debt is a "consumer debt" under the FDCPA and RFDCPA.

### C. The Undisputed Material Facts Demonstrate that Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and Cal. Civil Code § 1788.2(c)

In his opening brief, Plaintiff submitted a collection letter sent by Defendant to Plaintiff to demonstrate that Defendant is a debt collector under the FDCPA and RFDCPA. Plaintiff's Motion at 11-12. In its Response to Plaintiff's Motion for Summary Judgment, Defendant once again fails to present any evidence or legal authority to dispute the material fact that Defendant is a "debt collector" under the FDCPA and RFDCPA. Furthermore, Defendant does not argue that the letter was sent, nor does Defendant dispute the content of the letter. Rather, Defendant illogically argues that Plaintiff did not properly "authenticate" the letter in submitting its motion. Defendant is therefore arguing that a letter which bears its firm letterhead, and was ***produced by Defendant in discovery*** is an inauthentic document. Defendant also misleads this Court by stating that "Hollins' communications with Plaintiff ceased long before the date of the alleged letter;" however, the letter itself is a communication with a date of July 17, 2012.[1] As Defendant has failed to produce even a scintilla of evidence to dispute that it is a debt collector, the undisputed material facts demonstrate that Defendant is a debt collector under the FDCPA and RFDCPA.

### D. The Undisputed Material Facts Demonstrate that Defendant violated §§1692e, 1692e(10), and 1692e(11) of the FDCPA and §1788.17 of the RFDCPA

In his opening Motion, Plaintiff demonstrated that the voicemail message left by Defendant was in clear violation of §§1692e, e(10), and e(11) of the FDCPA, and §1788.17 of the RFDCPA. Plaintiff's Motion at 12-16. In its Response, Defendant once again fails to produce any evidence or any legal authority to refute Plaintiff's argument. Defendant also does not dispute that Defendant failed to identify itself as a debt collector in the message, or dispute

---

[1] Plaintiff's opening motion and Statement of Undisputed Material Facts contained a typographical error which mistakenly referred to the date of Defendant's letter as "July 17, 2013." However, the true and accurate copy of the letter submitted in support of Plaintiff's Motion at [Doc. 43-3] is clearly dated "July 17, 2012."

5
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

that the communication was made. Rather, Defendant again objects on evidentiary grounds, claiming that the message was not properly authenticated. Defendant's Response at 20-21. Plaintiff submitted an affidavit which authenticated the recording, and submitted both the affidavit and recording to the Court; therefore Defendant's argument is entirely without merit.

Defendant also summarily concludes that a genuine issue of material fact exists because "[t]o the extent Davis invited the subject call and/or consented to contact about the alleged debt, there can be no FDCPA violation because Davis was expecting the contact and already knew its purpose." Defendant's Response at 21. Defendant does not provide any citations to legal authority to support this conclusion. As noted at length in Plaintiff's opening brief, it is well-settled that the FDCPA requires debt collectors to identify themselves in ***every*** communication. Plaintiff's Motion at 13-14. Therefore, the undisputed material facts demonstrate that Defendant violated §§1692e, e(10), and e(11) of the FDCPA and §1788.17 of the RFDCPA.

## III. DEFENDANT'S BONA FIDE ERROR DEFENSE FAILS

In attempt to rebut Plaintiff's FDCPA and RFDCPA claims, Defendant asserts that it is entitled to the *bona fide* error defense. The *bona fide* error defense exists only as an exception to the strict liability imposed upon debt collectors by the FDCPA. To prevail on a *bona fide* error defense, Defendant must establish by a preponderance of the evidence that the violation was unintentional and resulted from a *bona fide* error, notwithstanding procedures reasonably adapted to avoid error. 15 U.S.C. § 1692k(c); *Drossin v. National Action Financial Services, Inc.*, 641 F .Supp. 2d 1314, 1320 (S.D. Fl. 2009); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F. 3d 1002, 1005-1006 (9th Cir. 2008).

The Supreme Court has held that the bona fide error defense cannot apply to an error that is simply unintentional – it applies only to "procedural or clerical errors." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1616 (2010). Since that decision, this Court has denied claims of a bona fide error defense where a debt collector "does not argue that

it committed a procedural or clerical error. Instead, [the debt collector] makes its argument under the pre-*Jerman* paradigm and explains that it had procedures and policies in place to avoid any such errors." *Bassett*, 715 F. Supp. 2d at 813 (citing *Ruth v. Triumph P'ships*, 577 F. 3d 790, 797–98 (7th Cir. 2009); *Seeger v. AFNI, Inc.*, 548 F. 3d 1107, 1114 (7th Cir. 2008)).

The existence of reasonably-adapted procedures is "a fact-intensive inquiry" which requires relatively "elaborate" descriptions of the procedures in place. *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 421 (8th Cir. 2008). *See also Smith v. Transworld Sys., Inc.*, 953 F. 2d 1025, 1031 (6th Cir. 1992) (multiple employee affidavits explaining the error, five-page collection manual explaining the procedures at issue); *Campbell v. Hall,* 624 F. Supp. 2d 991, 1004 (N.D. Ill. 2009); *Bible v. Allied Interstate, Inc.,* 2001 WL 1618494 at *3 (D.Minn.2001) (multiple affidavits "explaining the lengths to which Allied goes"). Indeed, "[t]he procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. Only then is the mistake entitled to be treated as one made in good faith." *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008) (internal citations omitted).

In light of the FDCPA's remedial scheme, courts have taken the position of interpreting this affirmative defense narrowly. *See Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 591 (D. Md. 1999) (*citing Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F. 2d 22, 27 (2d Cir. 1989); *Hulshizer v. Global Credit Services, Inc.*, 728 F. 2d 1037, 1038 (8th Cir. 1984); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 779 (9th Cir. 1982)). In addition to determining whether the debt collector maintained and employed procedures to avoid errors, the procedures must be reasonably adapted to avoid the ***specific error*** at issue. *Hepsen v. J.C. Christensen and Assocs., Inc.,* 2009 WL 3064865 *6 (M.D. Fla. Sept. 22, 2009) (*citing Johnson v. Riddle,* 443 F. 3d 723, 729 (10th Cir. 2006)).

In its Response, Defendant has failed to produce ***any*** policies, procedures, affidavits, or guidelines in support its *bona fide* error defense. Instead, Defendant argues that it is entitled to a

1  *bona fide* error defense because "Hollins had no reason to believe its collection efforts were
2  within the purview of the FDCPA or the RFDCPA . . . ." Defendant's Response at 22. As noted
3  *supra*, the *bona fide* error defense does not absolve a collector from liability due to an
4  unintentional mistake. Defendant's reliance on its own inaccurate interpretation of the law does
5  not absolve it from liability under the FDCPA; rather, Defendant would need to conclusively
6  demonstrate that it has policies and procedures in place to prevent violations of §§1692e, e(10),
7  and e(11) of the FDCPA in order to prevail on its *bona fide* error defense. As Defendant has
8  failed to produce any evidence whatsoever to support its *bona fide* error defense, Defendant's
9  defense fails as a matter of law.

10 **IV.    CONCLUSION**

11 As demonstrated *infra* and in Plaintiff's opening brief, summary judgment is appropriate
12 for Plaintiff, as the undisputed material facts demonstrate that (1) Plaintiff is a "consumer" as
13 defined by 15 U.S.C. 1692a(3) and a "debtor" as defined by Cal. Civil Code § 1788.2(h), (2)
14 Plaintiff's alleged debt is a "consumer debt" as defined by 15 U.S.C. 1692a(5) and Cal. Civ.
15 Code § 1788.2(f); (3) Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and Cal.
16 Civil Code § 1788.2(c), and (4) Defendant violated §§1692e, 1692e(10), and 1692e(11) of the
17 FDCPA and § 1788.17 RFDCPA by engaging in conduct the natural consequence of which was
18 to harass, oppress, and abuse Plaintiff in connection with the collection of debt by failing to
19 disclose in its communications with Plaintiff that the communication was from a debt collector,
20 and by using deceptive means in connection with the collection of a debt. Furthermore,
21 Defendant is not absolved from liability as its *bona fide* error defense fails as a matter of law.

22 WHEREFORE, Plaintiff, MICHAEL DAVIS, respectfully requests this Court enter an
23 order granting Plaintiff's Motion for Summary Judgment, and for any additional relief deemed
24 just and appropriate.

25

Date:   August 29, 2013                    RESPECTFULLY SUBMITTED,

                                           /s/ Ryan Lee
                                              Ryan Lee
                                              Attorney for Plaintiff,
                                              MICHAEL DAVIS

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS- MOTION FOR SUMMARY JUDGMENT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party in this action. My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On August 29, 2013, I served the following documents: **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On the parties listed below:

Tamara Heathcote
Hollins Law
2601 Main Street, Penthouse Suite 1300
Irvine, CA 92614
theathcote@hollins-law.com
Attorney for Defendant

By the following means of service:

[X]  **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]  **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]  **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on August 29, 2013, at Los Angeles, California.

By: /s/ Ryan Lee
       Ryan Lee