UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>HOLLINS LAW, A PROFESSIONAL CORPORATION,<br><br>        Defendant. | No. CIV. S-12-3107 LKK/AC<br><br><br><br>**ORDER** |

    Plaintiff Michael Davis sued defendant Hollins Law, A Professional Corporation, alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 - 1788.33 ("Rosenthal Act"). The gravamen of plaintiff's complaint was that defendant placed collection calls to his home phone, and left a voicemail message which failed to disclose that the communication was from a debt collector, violating both statutes.

    On April 15, 2014, a bench trial was held in this matter. At its conclusion, the court found that defendant had violated the FDCPA and the Rosenthal Act. The court deferred its ruling on

damages, and directed plaintiff to file a petition for his attorney's fees. Plaintiff did so, but also filed an untimely bill of costs. By order dated June 10, 2014, the court awarded plaintiff $250.00 in damages and $35,813.30 in attorney's fees, but denied plaintiff's cost bill without prejudice. <u>Davis v. Hollins Law</u>, __ F. Supp. 2d __, 2014 WL 2619651, 2014 U.S. Dist. LEXIS 81024 (E.D. Cal. Jun. 12, 2014).

Plaintiff has now filed a renewed bill of costs, seeking a total of $2392.90. (ECF No. 103.) Defendant has filed objections thereto. (ECF No. 104.) These filings are considered in turn below.

**I. May plaintiff claim his attorneys' travel expenses as costs?**

Plaintiff claims $1,996.95 in airfare and hotel expenses incurred by his counsel, who was based in Los Angeles.

Defendant objects, correctly, that such travel expenses are not taxable as costs. 28 U.S.C. § 1920 provides for taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries,

2

        fees, expenses, and costs of special interpretation services under section 1828 of this title.

Local Rule 292(f) additionally provides for the taxation of costs attributable to: (1) per diem, mileage, and subsistence for witnesses (under 28 U.S.C. § 1821); (2) fees to masters, receivers, and commissioners (under Fed. R. Civ. P. 53(a)); (3) certain costs on appeal (under Fed. R. App. P. 39(e)); and (4) "[o]ther items allowed by any statute or rule or by the Court in the interest of justice."

    According to the Supreme Court, "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Rule 54(d), in turn, provides that "unless . . . a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." However, "the discretion granted by Rule 54(d) is not a power to evade [the Rule's] specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in [28 U.S.C.] § 1920." Crawford Fitting, 482 U.S. at 442.

    If the court were to halt its analysis here, then it would have to decline to award plaintiff's travel expenses as costs. However, plaintiff is not proceeding solely under 28 U.S.C. § 1920, Rule 54(d), and Local Rule 292. The FDCPA explicitly provides for the plaintiff to recover, "in the case of any successful action to enforce the foregoing liability, the costs of the action . . . ." 15 U.S.C. 1692k(a)(3). In the Ninth

3

1  Circuit, fee-shifting statutes which provide for the recovery of
2  costs by prevailing plaintiffs provide a sufficient basis for the
3  recovery of travel expenses. "Plaintiffs are entitled to their
4  transportation costs as part of an award of fees under section
5  1988. Even though not normally taxable as costs, out-of-pocket
6  expenses incurred by an attorney which would normally be charged
7  to a fee paying client are recoverable as attorney's fees under
8  section 1988." Chalmers v. City of Los Angeles, 796 F.2d 1205,
9  1216 n. 7 (9th Cir. 1986). See also Grove v. Wells Fargo Fin.
10 Cal., Inc., 606 F.3d 577, 580 (9th Cir. 2010) ("[W]e repeatedly
11 have allowed prevailing plaintiffs to recover non-taxable costs
12 where statutes authorize attorney's fees awards to prevailing
13 parties.").

14      In at least one subsequent, unpublished opinion, the Ninth
15 Circuit applied Chalmers to award non-taxable costs to a
16 prevailing plaintiff in an FDCPA case. See Giovannoni v. Bidna &
17 Keys, 255 Fed. Appx. 124, 126 (9th Cir. 2007) (citing 15 U.S.C.
18 § 1692k(a)(3)). Several magistrate judges in this Circuit have
19 followed suit in other FDCPA cases. See Lowe v. Elite Recovery
20 Solutions L.P., No. S-07-0627-RRB-GGH, 2008 WL 324777, 2008 U.S.
21 Dist. LEXIS 8353 (E.D. Cal. Feb. 5, 2008); Goray v. Unifund CCR
22 Partners, No. 06-00214-HG-LEK, 2008 WL 2404551, 2008 U.S. Dist.
23 LEXIS 47130 (D. Haw. Jun. 13, 2008).

24      Accordingly, plaintiff, as the prevailing party, is entitled
25 to recover non-taxable costs stemming from his attorney's travel
26 to and from this judicial district. This decision is in keeping
27 with the court's previously-expressed view that "[C]onsumers in
28 the  Eastern  District  ought  to  enjoy  similar  flexibility  in

4

responding to unfair collection practices that debt collectors do in defending themselves." Davis, __ F. Supp. 2d at __, 2014 WL 2619651 at *5, 2014 U.S. Dist. LEXIS 81024 at *14-15. To deny attorneys from outside this judicial district the ability to recover their travel expenses may deter them from taking meritorious cases within this district, which would be an undesirable result.[1]

## II. May plaintiff claim his deposition-related travel expenses as costs?

Plaintiff claims $393.80 in travel expenses for "FLIGHTS FOR DEPO."

Defendant objects, arguing that plaintiff's counsel did not attend July 5, 2013 plaintiff's deposition, but instead retained local counsel to handle the matter.

It may be that plaintiff's counsel flew to Sacramento not for the deposition, but to prepare plaintiff for his deposition. Billing records that plaintiff previously filed in support of his earlier attorney's fee motion show 0.5 hours billed on July 3, 2013 for "Deposition preparation with client." (ECF No. 91-1.) Regardless, it is immaterial whether the claimed travel expenses were for deposition preparation, rather than for a deposition that plaintiff's counsel did not attend. As previously noted,

---

[1] As for defendant's objection that plaintiff's travel expenses are unreasonable because they "could have been avoided if [p]laintiff's counsel had filed the matter in the Central District of California," the court previously observed that "[i]f defendant objected to the chosen venue, it could have brought a motion to transfer under 28 U.S.C. § 1404. Objecting to venue at this late date is churlish." Davis, __ F. Supp. 2d at __, 2014 WL 2619651 at *7, 2014 U.S. Dist. LEXIS 81024 at *21. For defendant to again raise this objection is doubly churlish.

"Counsel's failure to adequately prepare plaintiff for deposition is inexcusable," Davis,__ F. Supp. 2d at __, 2014 WL 2619651 at *9, 2014 U.S. Dist. LEXIS 81024 at *25-26. As proper deposition preparation could have ended this case much earlier, the court will disallow these costs.

**III. What service-related costs may plaintiff claim?**

Plaintiff claims $75.95 in service fees.

Defendant objects to these fees, arguing that, per Local Rule 292(f)(2), plaintiff may only claim fees for service by a person other than the Marshal . . . to the extent they do not exceed the amount allowable for the same service by the Marshal . . . ." According to Defendant, "Plaintiff has not presented evidence as to the total amount he would have been charged by the U.S. Marshals, therefore it cannot be determine [*sic*] if the amount he requested exceeds the amount that would be charged by the U.S. Marshals . . . ." (Opposition 5, ECF No. 104.)

This objection is valid. The Marshals Services' fees are established by regulation, 28 C.F.R. § 0.114, at an hourly rate, currently "$65 per hour (or portion thereof) for each item served . . . ." Here, the length of time required for service is not noted and the equivalent cost for service by the Marshals cannot be calculated. Accordingly, plaintiff has not demonstrated the level of compensation to which he is entitled.

**IV. CONCLUSION**

Defendant's remaining objections are meritless. In light of the foregoing, the amount allowed under plaintiff's Bill of Costs

6

1  will be decreased by $469.75. Accordingly, the court hereby
2  GRANTS plaintiff's bill of costs in the amount of $1923.15.
3      IT IS SO ORDERED.
4      DATED:  June 24, 2014.

```
_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT
```

7